CROSSETT v CARLETON.

(Supreme Court, Appellate Division, First Department.  March 23, 1900.)

DEPOSITIONS—SUPPRESSION.
>    Where depositions taken under a commission are suppressed because of
>    unfair and overreaching conduct to the prejudice of the adverse party,
>    the denial of a motion for leave to reissue the old commission or to issue
>    a new commission is a proper exercise of the court's discretion given by
>    Code Civ. Proc. § 910, on suppression of deposition.

Appeal from special term, New York county.

Action by Frederick M. Crossett against I. Osgood Carleton.  From an order denying plaintiff's motion for leave to reissue a commission to examine witnesses, he appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Henry S. Van Duzer, for appellant.

R. Burnham Moffat, for respondent.

BARRETT, J.  Upon the 3d of November, 1898, an order was made herein, upon the plaintiff's application, directing that a commission issue to examine witnesses on his behalf in California.  The commission was accordingly issued, and it was subsequently executed and returned.  Thereupon the defendant moved to suppress the depositions upon the ground that they had been improperly taken, and that the plaintiff's conduct in the course of the examinations had been unfair and overreaching.  This motion was granted upon a full hearing; the court in its order finding the following facts, namely:  That the "depositions were improperly and irregularly taken and returned, and that the plaintiff has practiced unfair and overreaching conduct in the course of the proceedings for the execution of said commission and the taking of said depositions, to the prejudice of the defendant in this action."  This order was not appealed from, and the finding of unfair and overreaching conduct stands in full force, unreversed, and unmodified.  The plaintiff then moved for leave to reissue the old commission or to issue a new one, and his motion was denied.  It is from the order denying the latter motion that he now appeals.

We think the learned justice at special term properly exercised his discretion in denying that motion.  The court, in suppressing depositions under section 910 of the Code of Civil Procedure, may either order the commission to be executed anew, or deprive the party abusing its process of the benefit thereof, as it shall deem most fit.  Commercial Bank of Pennsylvania v. Union Bank of New York, 11 N. Y. 203; Butler v. Flanders, 44 N. Y. Super. Ct. 532.  If the deposition here had been suppressed solely because of an irregularity, it would doubtless have been proper, upon suitable terms, to permit re-execution.  Not so, however, where the suppression was because of unfair and overreaching conduct, to the prejudice of the defendant.  To permit a re-execution of the commission under such circumstances would be unjust and oppressive to the defendant.  It would practically give the plaintiff leave to secure the fruits of his previous misconduct, and an opportunity to renew his practices with greater circumspection,

and, possibly, success. The plaintiff is not necessarily deprived of the testimony of the witnesses whose depositions have been suppressed. He may still produce them upon the trial, where they can be subjected to an oral cross-examination. Should he be unable to secure their attendance, he may have to suffer the penalty of a nonsuit or a compulsory discontinuance. In that event, however, he may commence anew, and in the new action apply for a commission in the ordinary way. Such a motion in any new action can then be dealt with as the law and the practice require. But, whatever may be the ultimate consequences to the plaintiff of his misconduct, he cannot in this action secure a favorable exercise of discretion in order to extricate himself from the dilemma in which he has placed himself by his unfair practices.

The order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur.